IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RALPH DEFRONZO,                       )
                                      )
            Plaintiff,                )
                                      )
       v.                             )
                                      )
CONOPCO, INC. d/b/a UNILEVER          )   No.  03 C 6777
BEST FOODS and MODESTA MARTINEZ,      )
                                      )
            Defendants.               )

## MEMORANDUM OPINION AND ORDER

On October 8, 2004, plaintiff Ralph DeFronzo filed his third amended complaint, alleging numerous wrongs by defendant Conopco, Inc. d/b/a Unilever Best Foods ("Conopco"), his former employer, and defendant Modesto Martinez, a former co-worker. Mr. DeFronzo's claims center around his allegation that Ms. Martinez, over an extended period, repeatedly kicked and grabbed Mr. DeFronzo's genitals and otherwise harassed him. Mr. DeFronzo also alleges that Conopco knew of Ms. Martinez's conduct but failed to act, and eventually wrongfully terminated him. Conopco moves to dismiss Counts VII and VIII of the third amended complaint, arguing that the claims therein are preempted by the Illinois Workers' Compensation Act. I grant that motion, for the reasons explained below.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d

1312, 1319 (7th Cir. 1997), and draw all reasonable inferences in favor of the plaintiff. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). I grant the motion only if the plaintiff can prove no set of facts to support the allegations in his claim. *Id.*

Count VII alleges that Conopco was negligent in hiring and retaining Ms. Martinez. Count VIII alleges that Conopco's conduct in hiring and retaining Ms. Martinez was "willful and wanton" and in reckless disregard for Mr. DeFronzo's safety.[1] Conopco argues that both counts are preempted by the Illinois Workers' Compensation Act ("IWCA"), 820 Ill. Comp. Stat. 305/5(a). The IWCA contains an exclusivity provision, barring employees from pursuing "common law claims and statutory actions against employers for accidental injuries sustained during the course of employment." *Contreras v. Suncast Corp.*, 129 F. Supp. 2d 1173, 1183 (N.D. Ill. 2001). Mr. DeFronzo argues that he may maintain both a workers' compensation claim and a civil action. There are four exceptions to the IWCA's exclusivity provision: (1) the injury was not accidental; (2) the injury did not arise from employment; (3) the injury did not occur in the course of employment; or (4) the injury is not of a type compensable under the IWCA. *Meerbrey v. Marshall Field*, 564 N.E.2d 1222, 1226 (Ill. 1990). Mr. DeFronzo may only bring a common law cause of action against his former employer if

---

[1] "Willful and wanton" claims have been treated as negligence claims for the purposes of the IWCA. *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 958 (N.D. Ill. 2002).

2

his claims fall within one of those four exceptions and, as explained below, they do not.

Mr. DeFronzo argues that Counts VII and VIII are not pre-empted under three of the four exceptions to the IWCA's exclusivity provision.[2] Mr. DeFronzo first argues that the injury he received was not accidental.[3] Mr. DeFronzo argues the injuries allegedly caused by Ms. Martinez were the result of intentional conduct. The fact that Ms. Martinez's alleged actions were intentional is irrelevant. *Hunt-Golliday v. Metro. Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1016 (7th Cir. 1997). Even the intentional injury of one employee by another employee is "accidental" with respect to the employer if (1) the injury was unexpected and unforeseen by the injured employee and (2) the employer did not expressly authorize the intentional injury. *Id.* While Mr. DeFronzo alleges that Conopco "commanded, authorized, acquiesed and assented" to Ms. Martinez's conduct, his basis for that allegation is that Conopco was aware of Ms. Martinez's conduct but did nothing. Even if true, this sort of implicit consent is not sufficient to remove the claim from the IWCA's exclusivity provision. *See Contreras*, 129 F. Supp. 2d at 1183 (employer must command or expressly authorize conduct to escape IWCA). Mr.

---

[2] Mr. DeFronzo does not argue that his injuries were not received during the course of his employment.

[3] Mr. DeFronzo contends that his injury was, and was not, accidental at different points in his response brief.

3

DeFronzo also argues that intentional torts, such as assault and battery, fall outside the scope of the IWCA. While intentional torts may indeed escape the exclusivity provision, Counts VII and VIII allege negligence, not intentional torts.[4]

Second, Mr. DeFronzo argues that his injuries did not arise out of his employment. However, Mr. DeFronzo repeatedly alleges in the third amended complaint that Ms. Martinez's conduct was carried out while she was performing her duties as an employee, that her conduct was in furtherance of Conopco's interests and business, and that her conduct was undertaken as "a means to entertain herself and better perform her duties" for Conopco. Mr. DeFronzo cannot now ignore his own allegations to escape the IWCA exclusivity provision.

Finally, Mr. DeFronzo argues that his injury is not of a type compensable under the IWCA. While he concedes that any physical injury to his genitals would be covered by the IWCA, Mr. DeFronzo argues that the injury for which he seeks redress in Counts VII and VIII is the offensiveness of Ms. Martinez's conduct, not any physical injury. Mr. DeFronzo first argues that "offensive kicking and grabbing," allegedly committed by Ms. Martinez, is included in the intentional tort of assault and battery and therefore is not

---

[4] Mr. DeFronzo's third amended complaint also alleges intentional torts, in Count V against Ms. Martinez and in Count VI against Conopco. The present motion does not seek to dismiss either count.

4

covered by the IWCA's exclusivity provision. This argument fails because Counts VII and VIII allege negligent conduct, not intentional torts. To the extent Mr. DeFronzo now wishes to characterize these counts as intentional torts, they are duplicative of other counts in his third amended complain.

Mr. DeFronzo also argues that he was injured by the offensiveness of the sexual nature of the touching allegedly committed by Ms. Martinez. However, when a claim of negligence is predicated on the prohibition against sexual harassment, that claim is preempted by the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/8-111(c). *See, e.g., Antonson v. United Armored Servs., Inc.*, No. 00-C-4095, 2002 WL 221605, *6 (N.D. Ill. Feb. 12, 2002). As Conopco would have no duty to prevent sexual harassment but for the IHRA, this court would lack jurisdiction over any claim predicated on that duty. Both of Mr. DeFronzo's arguments regarding the nature of his injury fail.

As Mr. DeFronzo is unable to establish that his claims fall under any of the four exceptions to the IWCA's exclusivity provision, I grant Conopco's motion to dismiss Counts VII and VIII.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 31, 2005