IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RALPH DEFRONZO, )
)
Plaintiff, )
)
v. ) No. 03 C 6777
)
CONOPCO, INC., d/b/a UNILEVER )
BEST FOODS and MODESTA MARTINEZ, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

On October 8, 2004, plaintiff Ralph DeFronzo filed his third amended complaint, alleging numerous wrongs by defendant Conopco, Inc. d/b/a Unilever Best Foods ("Conopco"), his former employer, and defendant Modesto Martinez, a former co-worker. Mr. DeFronzo's claims center around his allegation that Ms. Martinez, over an extended period, repeatedly kicked and grabbed Mr. DeFronzo's genitals and otherwise harassed him. Mr. DeFronzo also alleges that Conopco knew of Ms. Martinez's conduct but failed to act, and eventually wrongfully terminated him. Concopco and Mr. DeFronzo now move to exclude certain evidence from trial. Those motions are granted in part and denied in part, as explained below.

### Defendant's motions in limine

#1 Front Pay. Defendant moves to exclude any evidence concerning front pay from presentation to the jury. Plaintiff does not object; the motion is granted.

#2 Rosa DeFronzo's Testimony. Defendant moves to prevent Rosa DeFronzo, Mr. DeFronzo's wife, from testifying at trial. On August 16, 2004, plaintiff sought to keep Ms. DeFronzo from being deposed by stating to Judge Nan Nolan that Ms. DeFronzo was not on plaintiff's witness list. Plaintiff repeated this assertion in a brief supporting his motion that Ms. DeFronzo's deposition subpoena be quashed. Judge Nolan denied the motion to quash, noting that plaintiff's intent not to call her as a witness did not provide grounds for quashing the subpoena. Defendant thereafter took Ms. DeFronzo's deposition. Defendant nevertheless argues that plaintiff is now estopped from calling Ms. DeFronzo as a witness.

Equitable estoppel requires (1) a misrepresentation by the party to be estopped; (2) reasonable reliance on that misrepresentation by the complaining party; (3) to the complaining party's detriment. *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002). Mr. DeFronzo stated, repeatedly, that his wife would not be called to testify. In reliance on that statement, defendant states that, while it was permitted to depose Ms. DeFronzo, it took a more abbreviated deposition that it would have if she had been a potential witness. It has not indicated what questions it would have asked her that it failed to ask, however. The motion is denied.

#4 Evidence of "talk throughout the plant". Defendant moves to exclude any testimony about "talk throughout the plant" or its

2

possible source. For the reasons stated at the final pretrial conference, the motion is denied. I will rule on specific objections at trial.

#5 Evidence of defendant's disciplinary database. Defendant moves to exclude evidence about its disciplinary database. Defendant argues that the database is irrelevant and, if relevant, cumulative with the actual disciplinary files of its employees. Plaintiff counters that the database shows how defendant categorized different violations, and shows that other employees who committed the same violation as the one plaintiff was terminated for were not terminated.

Defendant's principal argument is that a clerical employee prepared the database (under the human resource manager's direction) and that it is inaccurate. Defendant's representation is insufficient to prevent plaintiff from introducing the document. If defendant wants to show that its own document is inaccurate, it may do so in cross-examination at trial. Defendant also argues that different supervisors were responsible for discipline in the examples noted in the database (and in underlying documents that plaintiff also intends to introduce). But plaintiff has presented deposition testimony that the head of human resources was responsible for all employee disciplinary decisions. The motion is denied.

#6 Jack DeCarlo's personnel file. Defendant moves to exclude evidence of selected documents from Jack DeCarlo's personnel file. The documents include anonymous letters complaining of misconduct by Mr. DeCarlo and the record of a complaint about Mr. DeCarlo by another employee. Plaintiff apparently wishes to introduce this evidence to support his claim of retaliation. The evidence does not support plaintiff's claim and is not relevant. To show retaliation, plaintiff must first show that he took protected action – that is, complained about Mr. DeCarlo's alleged inattention to health and safety concerns. Plaintiff does not allege that he sent the anonymous letters, and is clearly not the employee who called in a complaint about Mr. DeCarlo. Plaintiff argues that the evidence is the most probative he has been able to find about Mr. DeCarlo's alleged inattention to health and safety concerns. But this trial is not about Mr. DeCarlo, or his alleged misconduct. The trial (or at least, this claim) is about the termination of plaintiff, allegedly for complaining about Mr. DeCarlo. The fact that others may have raised complaints takes plaintiff not one step closer to showing that he engaged in protected action. The motion is granted.

#7 Plaintiff's work performance. Defendant moves to exclude plaintiff from testifying about his own or any other employee's work performance. In response, plaintiff appears to say he is not intending to introduce testimony about his work performance. He

4

does indicate he intends to offer testimony that defendant treated Ms. Martinez more favorably than plaintiff, despite similar or worse conduct. While plaintiff may not testify as to his opinion of his own or others work performance, *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1181 (7th Cir. 2002), he may elicit testimony of instances where Ms. Martinez evidenced insubordination (i.e. defying her supervisor's work instructions, etc.). The motion is denied.

#8 - Punitive damages. Defendant moves to exclude evidence related to punitive damages on both plaintiff's state law claims and his Title VII claim. Punitive damages are available for retaliatory discharge claims, assault, and Title VII claims. *Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 878 (Ill. 1981); *Richardson v. Cty. of Cook*, 621 N.E.2d 114,120 (Ill. App. Ct. 1993); *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 482 (7th Cir. 2003). However, Illinois law discourages punitive damages, allowing them only when the plaintiff has shown extraordinary circumstances constituting "malice and willfulness." *AMPAT/Midwest, Inc. v. Ill. Tool Works, Inc.*, 896 F.2d 1035, 1043 (7th Cir. 1990). Title VII also limits the circumstances under which punitive damages are available. *Lampley*, 340 F.3d at 482. Whether such circumstances have been shown is a question for the judge, not the jury. *Id.* Defendant argues that the record does not support such a finding; plaintiff argues that it does. I reserve judgment on this question

until after presentation of evidence at trial. The motion is denied.

#9 - Non-similarly-situated employees. Defendant moves to exclude evidence related to employees who were not similarly-situated to plaintiff. Defendant argues that similarly-situated employees include those who were instructed not to talk about an ongoing investigation, yet did so anyway. Plaintiff argues that such employees should be much more broadly defined, including any employee disciplined for any reason falling under the §1 category. I agree. The motion is denied.

#10 - Testimony concerning Jorge Pego. Defendant moves to exclude evidence that Ms. Martinez allegedly told plaintiff that employee Jorge Pego instructed her to kick plaintiff or otherwise make him angry so that he would do something to justify firing him. Defendant argues that the statement is double hearsay: Ms. Martinez's alleged statement, and Mr. Pego's alleged statement. Each part must then be individually admissible. Fed. R. Evid. 805. Plaintiff first argues that Mr. Pego's statement is not hearsay, as he intends to introduce the statement to show Mr. Pego's state of mind, not for the truth of the matter asserted. Fed. R. Evid. 801(c). Plaintiff also argues that Mr. Pego's statement was a party admission, and also not hearsay. Fed. R. Evid. 801(d)(2). Those explanations could potentially serve as a basis for admitting Mr. Pego's statement, but not Ms. Martinez's. (Plaintiff does not

argue that he seeks admission of the statement against Ms. Martinez, who is an individual defendant, but only against the defendant company.)

Plaintiff argues that Ms. Martinez's statement was an excited utterance, and thus comes in under an exception to the hearsay rule. Fed. R. Evid. 803(2). The "startling event or condition" suggested by plaintiff is that he had made a move to slap Ms. Martinez (but stopped prior to striking her). Such an event is not of the "startling" nature required for the hearsay exception to apply, especially as plaintiff testified that he didn't even raise his hand to slap Ms. Martinez, but made a slighter body movement. "Startling" events are more in the nature of car accidents, violent crime, and the like. *See, e.g., Martinez v. McCaughtry*, 951 F.2d 130, 135 (7th Cir. 1991)(violent fight); *Webb v. Lane*, 922 F.2d 390, 393 (7th Cir. 1991)(being shot six times). Further, there is no evidence that Ms. Martinez was so excited by the turn of events that the "possibility of conscious reflection" was eliminated, *United States v. Moore*, 791 F.2d 566, 571-72 (7th Cir. 1986), which forms the basis for the hearsay exception. The motion is granted.

#11 - Testimony related to IDHR investigation. Defendant moves to exclude testimony and evidence related to the investigation and conclusions of the Illinois Department of Human Rights ("IDHR"), including the testimony of IDHR employee Eric Lamb. While such determinations are generally admissible under

7

Fed. R. Evid. 803(8)(C), I have broad discretion to admit or exclude them. *See Young v. James Green Mgmt.*, 327 F.3d 616, 624 (7th Cir. 2003). Defendant's argument against admissibility in this case is that plaintiff did not disclose the identity of the IDHR investigator. But he obviously was known to defendant, and he need not testify anyway. Defendant has not shown that the IDHR investigation or report in this case is unreliable. A jury instruction will afford sufficient protection against unfair prejudice. The motion is denied.

### Plaintiff's motions in limine

<u>Ms. Martinez's witnesses/documents.</u> Plaintiff moves to exclude testimony from Angel Diaz and Jorge Pego. Plaintiff argues that Mr. Diaz and Mr. Pego were not disclosed as potential witnesses, and that Mr. Diaz's proposed testimony about plaintiff's alleged harassment of Ms. Martinez is irrelevant. In her answer to interrogatory 22, Ms. Martinez adopted the response of co-defendant Conopco, which does list Mr. Diaz and Mr. Pego, along with the areas of knowledge each was expected to have. The interrogatory itself was overbroad, asking for the identification of "every person with knowledge or whom you believe has knowledge" about anything in either the answer or the complaint. The response was sufficient.

Plaintiff also moves to exclude any documents of Ms. Martinez's complaints about her co-workers, arguing that the

existence of such documents was not disclosed. The documents were disclosed in response to plaintiff's request for production. The motion is denied.

#1 - Ms. Martinez's sexual harassment charge. Plaintiff moves to exclude evidence or testimony that plaintiff discussed Ms. Martinez's sexual harassment charge. Plaintiff argues that such evidence would be more prejudicial than probative. Fed. R. Evid. 403. Conopco's stated reason for terminating plaintiff was gross insubordination, for discussing the charge despite orders not to do so. Plaintiff presents no legitimate reason for excluding this evidence. The motion is denied.

#2 - Plant rules. Plaintiff moves to exclude evidence of any infractions of Conopco's plant rules, other than gross insubordination, arguing that they are irrelevant. Conopco agrees, with one exception (see Defendant's motion #9). Evidence of such infractions would be irrelevant to the issues in this case, unless plaintiff claims that, prior to the incident in October 2001, he had never been disciplined by Conopco. If plaintiff makes such an assertion at trial, and defendant has evidence otherwise, Conopco may introduce that evidence for impeachment purposes.

#3 - Limits on Ms. Martinez's charge. Plaintiff moves to exclude any evidence that he ever touched Ms. Martinez, arguing that her complaint to Conopco was limited to foul language by plaintiff. The evidence, if any, is relevant to plaintiff's claim

that Ms. Martinez assaulted and battered him since a battery invokes an unwanted touching.

#4 - "Horseplay." Plaintiff moves to exclude testimony that plaintiff engaged in physical conduct or "horseplay" with other Conopco employees, arguing that such testimony concerns "prior bad acts." Fed. R. Evid. 404(b). Conopco says it does not intend to introduce this testimony to establish that plaintiff committed a "bad act" consistent with the prior acts. Instead, part of plaintiff's proof on his harassment claim is that the allegedly harassing conduct was unwelcome. *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 476 (7th Cir. 2003). Plaintiff's own conduct in the workplace is therefore relevant. The motion is denied.

#5 - Plaintiff's attorney/fees. Plaintiff moves to exclude any evidence of the circumstances of his retention of an attorney, arguing that it is irrelevant. The motion is granted.

#6 - Union issues/CBA. Plaintiff moves to exclude any evidence that he did not or could have filed a written union grievance for either sexual harassment or discrimination. Plaintiff also moves to exclude any mention of the collective bargaining agreement, arguing that his claims do not involve union rights. The motion is granted, but may be reconsidered if plaintiff argues or testifies that the reason he talked to an assistant union steward about Ms. Martinez' complaint was his assertion of rights under the collective bargaining agreement.

#7 - Joint grievance committee. After his termination, plaintiff filed a grievance with his union. After the grievance was denied by Conopco, it was presented to a joint grievance committee for review. Plaintiff moves to exclude references to the committee or its findings, arguing that the committee was not neutral and that such references would be more prejudicial than probative. Fed. R. Evid. 403. The motion is granted. The findings of the committee are not relevant to plaintiff's claims in this case.

#8 - Other remedies. Plaintiff moves to exclude evidence of "a remedy which is outside of the jury's province," including reinstatement. The motion is granted.

#9 - Corrective action. Plaintiff moves to exclude evidence that Conopco took any corrective action in response to his sexual harassment complaint. The difficulty with the evidence that Conopco did anything is that the investigation followed plaintiff's suspension. Ruling on this motion is deferred until trial.

#10 - Lack of procedure. Plaintiff moves to exclude any mention of the fact that he filed no written complaint with Conopco prior to October 24, 2001. Fed. R. Evid. 403. Plaintiff argues that Conopco had no procedure for filing such a written complaint. However, plaintiff did file a written complaint when he was called in to discuss Ms. Martinez's complaint, and Conopco argues that procedures do exist for filing a written complaint. The fact that

11

plaintiff did not do so prior to October 2001 is relevant. The motion is denied.

#11 - Dr. Recchia. Plaintiff moves to exclude any questioning of Dr. Recchia concerning his alleged alterations of plaintiff's medical records. Plaintiff argues that such a line of questioning would be insulting and unduly prejudicial. Fed. R. Evid. 403. Conopco counters that some indicia exist that Dr. Recchia may have altered or added to some of plaintiff's medical records. The motion is deferred until trial so that I may review the original records.

#12 - Extramarital affairs. Plaintiff moves to exclude any questioning concerning potential extramarital affairs, arguing that such questioning is prohibited. The motion is granted.

#13 - Ms. DeFronzo's medical history. Plaintiff moves to exclude evidence of Ms. DeFronzo's medical history. Conopco has no objection to excluding that evidence. The motion is granted.

#14 - Plaintiff's medical history. Plaintiff moves to exclude his medical records, with the exception of those after 2001 related specifically to his erectile dysfunction. Plaintiff has apparently complained of a hernia, knee pain, and back pain, among other ailments. Conopco contends that this medical history is relevant for two reasons: first, as a possible issue related to damages, since plaintiff's hernia may make determining damages from the alleged kicking more difficult; and second, to demonstrate that

plaintiff was aware of the procedures for reporting an injury at work (as he did with his knee/back injury and his hernia, but did not with the alleged injury to his genitals). I agree. The motion is denied.

#15 - Conopco's medical expert (see also unnumbered motion relating to defendant's expert). Plaintiff moves to exclude the use of Dr. Kevin McVary as an expert, arguing that he was not properly disclosed. Fed. R. Civ. P. 26(a)(2)(B). Plaintiff argues that the expert report is unexecuted and that it is insufficient. Plaintiff's concerns about the report's sufficiency center on a lack of support for Dr. McVary's opinions. In the first paragraph of Dr. McVary's report, he states what records he has reviewed and that he based his opinions on those records. Once is enough - Dr. McVary need not repeat those grounds each time he makes a statement on a new aspect of plaintiff's case. Plaintiff also incorrectly asserts that the report does not provide an opinion on Dr. Kisielius' records. Plaintiff finally argues that the report is insufficient as Dr. McVary does not state what authoritative texts he is relying on. Experts need not specifically rely on texts in issuing opinions; they may rely on their own experience and expertise. *NutraSweet Co. v. X-L Engineering Co.*, 227 F.3d 776, 789-90 (7th Cir. 2000). Finally, with respect to the unexecuted nature of the report, Conopco attests that the report was provided

to plaintiff in electronic form and contained an electronic signature.

Plaintiff also moves to exclude any mention that Dr. McVary examined or sought to examine plaintiff. In response, Conopco presents correspondence indicating that Dr. McVary did request an opportunity to examine plaintiff. Both motions are denied.

#16 - Elmhurst clinic. Plaintiff seeks to exclude testimony that plaintiff phoned the Elmhurst clinic seeking to alter his medical records. Fed. R. Evid. 608(b). Conopco argues that such a phone call is relevant, not to attack plaintiff's character for truthfulness, but to its defense that plaintiff has continued to change his charges and the evidence in this case. *See United States v. Abel*, 469 U.S. 45, 46 (1984)(limiting exclusion of Rule 608 to extrinsic evidence offered solely to attack character for truthfulness). Plaintiff also argues that if such a phone call occurred, it occurred after plaintiff's termination and could not have affected Conopco's decision. Conopco does not contend that it based its decision on those records; nor does it intend to introduce the records as justification for that decision. The motion is denied.

#17 - Complaint. Plaintiff moves to exclude any mention of the complaint(s) filed in this case. Plaintiff provides no basis for doing so, other than Rule 403. The motion is denied.

#18 - Ms. Haase's presence. Plaintiff moves to exclude any suggestion that Kerryann Haase, one of Conopco's attorneys, was involved with the sexual harassment investigations in this case. Conopco does not object; the motion is granted.

#19 - Unproduced documents. Plaintiff moves to bar the introduction of any unproduced documents. The motion is denied, with leave to object to specific documents at trial.

#20 - IDHR charge. Plaintiff moves to bar introduction of his IDHR charge. As with his objection to the complaint(s) in his motion #17, plaintiff provides no basis or argument beyond Rule 403. The motion is denied.

#21 - Settlement/discovery. Plaintiff moves to exclude evidence of statements made in settlement negotiations. Conopco has no objection to that exclusion. Plaintiff also moves to exclude any reference to the discovery process in this case. The motion is granted.

#22 - Medical bills. While plaintiff discusses the collateral source rule, he never identifies what evidence should be excluded from this case pursuant to that rule. Plaintiff appears to wish to exclude evidence that his medical expenses were covered by insurance, believing that such evidence is barred by the collateral source rule. However, it is within the court's discretion whether to deduct payments from a collateral source from an award of back pay. *See Flowers v. Komatsu Mining Sys., Inc.*, 165 F.3d 554, 558

(7th Cir. 1999)(applying rule, announced in ADEA case, to ADA case). The motion is denied.

#23 - Causation. Plaintiff moves to limit testimony as to the cause of his injury (which he does not specify) unless Conopco presents expert testimony as to causation. As I noted above, expert testimony is necessary to establish causation for an injury such as plaintiff's alleged erectile dysfunction. *Schmaltz*, 896 F. Supp. at 182. The motion to require expert testimony as to causation is granted.

#24 - Mitigation. Plaintiff moves to exclude any evidence, related to Conopco's affirmative defense of mitigation, concerning whether plaintiff sought work out of state or in non-comparable jobs. However, plaintiff testified to having sought work out of state, and plaintiff's efforts to find new work after termination are relevant to Conopco's defense. The motion is denied.

#25 -Reason for Plaintiff's suspension/termination. Plaintiff moves to exclude any evidence regarding his suspension/termination being based on any reason other than gross insubordination for talking about a sexual harassment investigation against orders. The motion is granted.

#26 - Subsequent employment. Plaintiff moves to exclude evidence that he made false statements on the application to work for his new employer. While Conopco concedes that this evidence is irrelevant to plaintiff's claims of discrimination, it argues that

16

the evidence is relevant to its defense of mitigation. *Louis v. Cmty and Econ. Dev. Ass'n of Cook Cty., Inc.*, No. 92-C-191, 1994 U.S. Dist. LEXIS 145, at *2 (N.D. Ill. Jan 11, 1994)(Bucklo, J.). The motion is denied.

#27 - Exclusion of witnesses. Plaintiff moves to exclude non-party witnesses from the courtroom until they are called to testify. Conopco does not object; the motion is granted.

Workers' compensation motion. Plaintiff moves to exclude evidence of his pending and former workers' compensation claims and the circumstances surrounding those claims. At the end of the motion, plaintiff suggests what he is actually seeking to exclude: any evidence that his claims are preempted by the Illinois Workers' Compensation Act ("IWCA"). Conopco states that it does not intend to introduce evidence that plaintiff's workers' compensation claims are still pending, nor the outcome or compensation for those claims. Conopco does state that it intends to introduce evidence that plaintiff's claims are preempted by the IWCA. That is a matter for the court. The motion is granted.

Subpoenaed evidence, memorandum and notes. Plaintiff moves to exclude evidence gained from subpeonas for documents and for depositions. Plaintiff appears to be arguing that he did not receive sufficient notice of these subpeonas under Fed. R. Civ. P. 45, and that Conopco should therefore be barred from using any evidence thereby gained. These subpoenas were served, and the

depositions taken or documents produced, in 2004. Plaintiff did not move to quash the subpoenas at the time (except for the subpoena to Ms. DeFronzo, which he sought to quash on grounds other than its timeliness). Plaintiff presents me with no grounds for barring the evidence gained now, on the eve of trial. Plaintiff also objects to a set of subpoenas served in his pending workers' compensation cases, claiming the evidence gathered was really for use in this civil case. This set of subpoenas appears to seek medical records as well as employment records at plaintiff's new position. Plaintiff does not demonstrate how those records are being used in this case, nor that they were transferred from the attorneys pursuing the workers' compensation cases to the attorneys pursuing this case. The motion is denied.

<u>General motions in limine.</u> Plaintiff finally has filed a motion entitled "General Motions in Limine." This set of 16 motions - most consisting of no more than few lines - addresses a wide range of topics. Motions 1, 4, 5, 6, 8, 12, 13, 14 and 15 are granted. Plaintiff makes no attempt with respect to the others to identify what evidence it is that he seeks to exclude. They are denied.

**ENTER ORDER:**

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: June 30, 2005